UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY BARTLETT, | No. 1:26-cv-01690-SAB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| STEPHANIE CLENDENIN, et al., | (ECF No. 2) |
| Defendants. | |

Plaintiff is a civil detainee proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on March 2, 2026, along with a motion to proceed in forma pauperis. (ECF Nos. 1, 2.)

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets

---

[1] The required fee includes a $350 filing fee and a $55 administrative fee, as of December 1, 2023.

1

possessed and demonstrates an inability to pay. See Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015).

"Unlike other indigent litigants, prisoners proceeding in forma pauperis must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002)). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

However, persons who file suit after having been released from custody are no longer "prisoners" as defined by the PLRA and are therefore not subject to 28 U.S.C. § 1915(b), 42 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirements, or 28 U.S.C. § 1915(g)'s "three-strikes" provision. See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) (a person confined under California's Sexually Violent Predator Law, while "a prisoner within the meaning of the PLRA when he served time for his conviction, [ ] ceased being a 'prisoner' when he was released from the custody of the Department of Corrections"); Jackson v. Fong, 870 F.3d 928, 934-35 (9th Cir. 2017) (former prisoner incarcerated when he filed his civil rights action but released by the time he filed an amended complaint was not subject to the PLRA's exhaustion requirement); Moore v. Maricopa Cty. Sheriff's Office, 657 F.3d 890, 892 (9th Cir. 2011) (noting that § 1915(g)'s three-strikes rule does not apply to a civil action of appeal filed after former prisoner was released on parole).

Plaintiff does not appear to have been a "prisoner" as defined by the PLRA as he is currently confined at Coalinga State Hospital under the Sexually Violent Predator Act. (ECF No. 1.)  Therefore, neither the filing fee provisions of 28 U.S.C. § 1915(b), nor § 1915(g)'s "three strikes" bar apply to this case. See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Further, examination of Plaintiff's documents reveals that he is unable to afford the costs of this action. (ECF No. 2).

///

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED; and,

2. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **March 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3